UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAHIM SALAAM,

    Petitioner,

                                                      Case No: 04-CV-70675
                                                      Honorable John Corbett O'Meara
                                                      Magistrate Judge Mona K. Majzoub

v.

DAVID GUNDY[1],

    Respondent.
_____

### MEMORANDUM OPINION & ORDER DENYING
### PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

This matter is before the Court on Petitioner's, Rahim Salaam's, *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent filed his Answer in Opposition to Petition for Writ of Habeas Corpus; and Petitioner filed a rebuttal brief. On September 23, 1997, in Wayne County Circuit Court, Petitioner was convicted after a bench trial of (1) entering without breaking in violation of MCL §750.111; (2) domestic violence in violation of MCL §750.81(2); (3) felonious assault in violation of MCL §750.82; (4) assault with intent to commit great bodily harm in violation of MCL §750.84; and (5) possession of a firearm during the commission of a felony in violation of MCL §750.227b  Petitioner was ultimately sentenced to 10-20 years as an habitual 4th offender plus a mandatory consecutive 2 year sentence for the felony firearm conviction.

---

[1]Petitioner is presently incarcerated at Florence Crane Correctional Facility in Coldwater, Michigan where Carol R. Howes is the warden.

Petitioner challenges the legality of his conviction and raises 4 issues for the Court's review: (1) whether Petitioner received ineffective assistance of trial counsel; (2) whether Petitioner was denied his right to discovery; (3) whether Petitioner's conviction was supported by sufficient evidence; and (4) whether Petitioner received ineffective assistance of appellate counsel when he failed to present claims of error on direct appeal.

Respondent's argument is two-fold: (1) Petitioner is barred from receiving habeas relief as his petition was filed beyond the statute of limitations period; and (2) Petitioner's first and third claims are procedurally defaulted.

Upon review of the pleadings, the Court denies Petitioner's Writ of Habeas Corpus.

## II. STATEMENT OF FACTS

Petitioner is alleged to have stood outside of a bedroom window of the complainant's, Rhonda Brown's, home. Rhonda Brown is the former girlfriend of the Petitioner; and they share a child together named Ronald Brown. He was 18 months old at the time of this incident. Ms. Brown testified that while she was home with her son watching television in bed, she heard someone scream through her window "you're dead bitch" and then heard several gun shots. The window was shattered by the gun shots. Ronald Brown received a bruise on his head and was taken to the hospital and treated for the minor injury. Ms. Brown identified Petitioner as the shooter by voice identification as she did not see the shooter and only heard the threat prior to the gun shots being fired. At the conclusion of the bench trial Petitioner was convicted of the above stated charges.

## III. PROCEDURAL HISTORY

Petitioner appealed his conviction as a matter of right to the Michigan Court of Appeals and

raised the sole issue of whether there was sufficient evidence to support his conviction for assault with intent to commit great bodily harm. On April 25, 2000, in an unpublished opinion, the Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Salaam,* 2000 WL 33423153, Mich. Ct. App. No. 207954 (per curiam) (April 25, 2000). Petitioner did not file an application for leave to appeal with the Michigan Supreme Court. Approximately 2 years after the Michigan Court of Appeals' decision affirming his convictions, Petitioner filed a motion for relief from judgment with the trial court on April 30, 2002 raising the following issues: (1) whether Petitioner received effective assistance of trial counsel; (2) whether Petitioner received effective assistance of appellate counsel; (3) whether Petitioner was denied a fair trial; and (4) whether there was sufficient evidence to support Petitioner's conviction. Petitioner's motion was denied on July 17, 2002, wherein the trial court found that Petitioner's arguments lacked merit and he was not entitled to relief pursuant to MCR 6.508(D)(3).

Petitioner filed an appeal with the Michigan Court of Appeals raising the same issues. His appeal was denied. *People v. Salaam,* Mich. Ct. App. No. 244224 (per curiam) (April 1, 2003). Petitioner then filed a delayed application for leave to appeal with the Michigan Supreme Court raising the same issues; and his application was denied. *People v. Salaam,* 469 Mich. 879; 668 NW2d 151 (Table) Mich. Sup. Ct. No. 123724 (August 29, 2003).

Approximately 6 months later, Petitioner filed the instant petition for habeas relief on February 24, 2004 raising the 4 issues set forth above.

## IV. STANDARD OF REVIEW

Under the applicable standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. §2254(d), a petitioner is not entitled to relief

3

in a federal habeas corpus proceeding unless the state court's adjudication of his or her due process claim resulted in a decision that: (1) was contrary to, or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Under AEDPA, "clearly established federal law" means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 412-13.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Furthermore, a federal court may not issue a writ of habeas corpus under the "unreasonable application" clause of 28 U.S.C. §2254(d) "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Id.* Rather, that application must also be unreasonable." *Id.* at 365; *see also Prince v. Vincent,* 538 U.S. 634, 638-39 (2003). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable," as opposed to transforming the inquiry into a subjective one by inquiring whether all

4

reasonable jurists would agree that the application by the state court was reasonable. *Williams v. Taylor,* 529 U.S. at 411.

Therefore, the threshold inquiry in this case is whether the Petitioner seeks to apply a rule(s) of law that was clearly established at the time of his conviction in the state court. *See, id.* at 412.

## V. APPLICABLE LAW & ANALYSIS

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year period of limitations for habeas petitions by state prisoners. *See 28 U.S.C. §2244(d).* The limitations period runs from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*28 U.S.C. §2244(d).* "The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *28 U.S.C. §2244(d)(2).*

In this case, the Michigan Court of Appeals rendered its decision regarding Petitioner's direct

appeal on April 25, 2000. According to MCR 7.302(C)(2), Petitioner had 56 days in which to file an application for leave to appeal. Therefore, he had until June 20, 2000 to file his application. Petitioner failed to do so. Because late applications for leave to appeal are not accepted by the Michigan Supreme Court, Petitioner was barred from continuing with his appeal from the April 25, 2000 Michigan Court of Appeals' order affirming his convictions. *MCR 7.302(C)(3)*. Therefore, according to 28 U.S.C. §2244(d)(1)(A), the date on which Petitioner's judgment became final on June 20, 2000. It is from this date that Petitioner's 1 year statute of limitations period began to run. Consequently, Petitioner had until June 20, 2001 to file his habeas petition with this Court absent any tolling or delayed commencement of the limitations period. However, Petitioner did not take any further action relative to this matter until he filed his motion for relief from judgment on April 30, 2002. This trial court filing was not done until approximately 10 months after the statutory period had already run.

Pursuant to the provisions of 28 U.S.C. §2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Here, Petitioner's motion for relief from judgment was filed on April 30, 2002. By this time, however, the limitations period had already expired for more than 10 months. The tolling provision of paragraph (d)(2) stops the limitations period from running; it does not, however, reset the limitations clock. *See McMurray v. Scott,* 136 Fed. Appx. 815, 817 (6th Cir. 2005); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). Because the limitations period had already expired, Petitioner's motion for relief from judgment did not toll the limitations period. *Id..* Thus, Petitioner's habeas application is untimely under 28 U.S.C.

6

§2244(d)(1)(A).

### B. Procedural Default

In addition to the habeas petition being untimely, the issues presented are procedurally defaulted.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Id.*, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d at 160, or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982).

Issues which Petitioner raised for the first time in his motion for relief from judgment, under MCR 6.500 *et seq.,* are procedurally defaulted. MCR 6.508(D)(3) provides in relevant part that the court may not grant relief to the defendant if the motion alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence, unless the defendant demonstrates good cause for having failed to raise the claim on direct appeal, and actual prejudice, defined in the current context as a reasonable chance of acquittal absent the error.

In this case the trial court found that Petitioner had shown neither cause nor prejudice, and

denied the motion pursuant to MCR 6.508(D)(3). Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal on the ground that Petitioner had failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). The Michigan rule, precluding collateral attack on non-jurisdictional grounds which could have been raised on direct appeal, has been recognized as being "firmly established," so as to constitute an adequate state law ground barring habeas relief. *Luberda v. Trippett*, 211 F.3d 1004, 1008 (6th Cir. 2000). The Sixth Circuit has specifically held that where, as in Petitioner's case, the Michigan Supreme Court denies leave to appeal on the basis that a petitioner "failed to meet the burden of establishing entitlement to relief under. MCR 6.508(D)," even stated in a one-sentence order, the court has provided sufficient explanation that the decision was based on procedural default. See *Hargrove-Thomas v. Yukins*, 374 F.3d 383, 387-88 (6th Cir. 2004). "Despite its brevity, the order constituted a 'reasoned' judgment that adequately explained its procedural basis." *Id.* at 388.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. at 729. In the habeas context, this precludes federal courts from reviewing claims that a state court has declined to address because of a petitioner's noncompliance with a state procedural requirement. See *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). "In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson,* 501 U.S. at 730.

8

Therefore, all of the claims raised in Petitioner's motion for relief from judgment are procedurally defaulted[2], unless he can establish cause for the default and prejudice resulting from the default, or a fundamental miscarriage of justice. To establish "cause" for a state procedural default, a habeas petitioner must show that some objective factor external to the defense impeded efforts to comply with the procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Petitioner asserts that he did not have possession of his entire record following the decision on his appeal of right. He argues that this precluded him from pursuing the appellate process from his appeal of right to the Michigan Supreme Court. He further contends that the initial delay triggered all of the subsequent delays in the litigation of this matter.[3] The Court does not find Petitioner's attempt to establish

---

[2]Petitioner raised his insufficiency of evidence claim on direct appeal, but failed to present the issue to the Michigan Supreme Court until it was included again in his motion for relief from judgment. That issue has been exhausted as it has been presented to each level of the state appellate court system,. However, the last reasoned judgment relative to this issue resulted in a denial pursuant to a procedural basis under MCR. 6.508(D). Therefore, the insufficiency of evidence issue is also subject to the procedural default analysis.

[3]Petitioner's explanation could also serve as a defense to the statute of limitations bar to habeas review in this matter, thus triggering an equitable tolling argument. However, Petitioner has failed to raise the defense and the Court declines to *sua sponte* discuss the issue as the facts do not support the application of the equitable tolling doctrine in this case. The alleged denial of access to legal materials or transcripts is not an exceptional circumstance warranting equitable tolling. *Grayson v. Grayson,* 185 F.Supp.2d 747, 751 (E.D. Mich. 2002). The right of access to the courts has never been equated with the access to legal materials or portions of the record. *Jones v. Gundy,* 100 F.Supp.2d 485, 488 (W.D. Mich. 2000). Moreover, because the Petitioner has not explained how the lack of access to certain transcripts prevented him from filing his habeas petition on time, he has failed to establish a basis for equitable tolling. *Id.* In any event, the Petitioner is not entitled to suspension of the operation of the limitations period during the time spent waiting for his appellate attorney or the state court to provide him his transcripts, absent a showing that the transcripts were needed to file his application. *Brown v. Cain,* 112 F.Supp.2d 585, 587 (E.D. La. 2000). The arguments raised in the petition for the most part are legal arguments that could have been raised without the transcripts. Thus, the petitioner is not entitled to equitable tolling on this basis.

cause persuasive. *See* fn.3  The Petitioner cannot establish cause absent a showing that the transcripts were needed to file his application. *Brown v. Cain,* 112 F.Supp.2d 585, 587 (E.D. La. 2000).

Petitioner has failed to make such a showing. The arguments raised in the petition are legal arguments that could have been raised without the transcripts. Furthermore, Petitioner had access to the brief filed in his direct appeal which at a minimum resolved Petitioner's insufficiency of evidence claim. This pleading would have served to assist Petitioner in his subsequent appeals. Finally, Petitioner has failed to articulate how the lack of access to certain transcripts prevented him from filing his habeas petition on time. Thus, the Petitioner cannot demonstrate cause based upon a couple of missing transcripts with no explanation regarding their importance to a habeas petition. If the Petitioner cannot show cause for the procedural default, it is unnecessary for the Court to reach the prejudice issue. *Smith v. Murray,* 477 U.S. 527, 533 (1986).

## VI. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's claim for habeas relief filed pursuant to 28 U.S.C. §2254 must be dismissed with prejudice.

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Under U.S.C. §2254 **[Doc. #1-1, filed February 24, 2004]** is **DENIED** and this matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for More Definite Statement **[Doc. #27-1, filed August 28, 2006]** is denied as **MOOT**.


                          s/John Corbett O'Meara
                          United States District Judge


Dated:  March 29, 2007




I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 29, 2007, by electronic and/or ordinary mail.


                          s/William Barkholz
                          Case Manager